Compiler of Laws

FILED
SUPERIOR COURT
OF GUAM
2013 APR 12 PM 3:14
CLERK OF COURT
BY:

# IN THE SUPERIOR COURT OF GUAM

MARIANAS PROPERTIES, LLC,

Plaintiff,

v.

THE ESTATE OF SOLEDAD ANDERSON LUJAN aka SOLEDAD A. LUJAN and FIRST HAWAIIAN BANK

Respondent.

Special Proceedings No. SP0019-11

**DECISION AND ORDER**
re: Motion to Dismiss

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on October 30, 2012 on Defendant Soledad Anderson Lujan's motion to dismiss. Plaintiff was represented by Attorney Louie J Yanza. Defendant Estate of Soledad Anderson Lujan was represented by Attorney Curtis Van de Veld. Defendant First Hawaiian Bank was represented by Richard L Johnson. Having reviewed the memorandum and papers presented, the Court now issues the following denying Defendant's motion to dismiss because Marianas Property did not impliedly waive their right to arbitrate.

## BACKGROUND

The instant matter arises from dispute over a July 1, 1982 ground lease agreement. Marianas Properties, LLC is the Lessee and the Estate possesses an undivided interest in the property and it currently acting as the Lessor. First Hawaiian Bank ("FHB") is a party in interest as the leasehold mortgagee of the property. On September 30, 2010, Estate issued Notice of Default to Marianas Properties. On December 29, 2010, the Estate issued and recorded with the Department of Land Management, a Notice of Termination of Ground Lease Agreement, under Instrument No. 813315.

On February 16, 2011, the Plaintiff appointed Mitchell F. Thompson as its arbitrator. On

January 20, 2012, the Estate appointed L. Francis Gill as its arbitrator. Shortly thereafter, Plaintiff filed a motion to remove Mr. Gill as arbitrator arguing that circumstances exist that give rise to material justifiable doubts as to Mr. Gill's impartiality or independence. The Court agreed and removed Mr. Gil as arbitrator.

Subsequently, the Estate appointed Douglas B. Moylan as its arbitrator. On July 31, 2012, Plaintiffs filed their objection to the appointment of Douglas B. Moylan. On September 12, 2012, Estate filed its opposition. On January 7th, the Court removed Douglas B. Moylan as arbitrator.

On August 15, 2012, the Estate filed a motion to dismiss. On October 16, 2012, Plaintiffs filed their opposition. The Court now issues its decision and order DENYING Defendant's motion to dismiss.

## DISCUSSION

Generally, a case may be dismissed due to lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and/or failure to join a party. The Defense has not cited to any of the Guam Rules of Civil Procedure Rule 12 sections that would provide for dismissal. The Court only has case law for guidance in issuing a decision.

Defendant's motion to dismiss is based on two arguments: 1) that Marianas Property has waived its right to arbitrate and 2) Marianas Property's litigation efforts in the First Hawaiian Bank Action has been prejudicial to the estate. The Estate contends Plaintiffs cannot simultaneously arbitrate its dispute with the Estate while at the same time litigate in Superior Court. As such, the Estate argues Mariana's Property have impliedly waived their right to arbitrate by seeking judicial resolution of its claims in the FHB Action through summary judgment and by its Complaint in Intervention. Moreover, by failing to ask the FHB court to stay that action pending the outcome of the arbitration it seeks for the same claims in this Court, the Plaintiffs have impliedly waived their right to arbitrate.

Plaintiffs argue this motion is the Estate's latest campaign of delay and obfuscation. Waivers of arbitration are disfavored and will only be found in the clearest of circumstances.

*Doctors Associates, Inc. v. Thomas*, 898 So. 2d 159 (Fla. App. 2005); *LJA Engineering and Surveying, Inc. v. Richfield Investment Corp.*, 211 S.W.3d 443 (Tex. App. 2006). The Courts will not lightly infer a waiver of the right to compel arbitration; thus, the burden on the party seeking to prove waiver is a heavy one. *Zedot Constr., Inc., v. Red Sullivan's Conditioned Air Service, Inc.*, 947 So. 2d 396 (Ala. 2006). Doubts regarding defenses against arbitrability, such as waiver of delay, should be resolved in favor of arbitration. *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation,* 838 F. Supp. 2d 967 (C.D. Cal. 2012).

Nor does mere participation in litigation by itself amount to a waiver. *DFC Homes of Florida v. Lawrence,* 8 So. 3d 1281 (Fla. App. 2008); *Weis Builders, Inc. v. Complete Contracting, Inc.*, 247 S.W.3d (Ky. App. 2008); *Century 21 Maselle and Associates, Inc. v. Smith*, 965 So. 2d 1031.

Plaintiffs' argue their participation in the FHB lawsuit is purely a defensive measure. In the FHB lawsuit, the Estate filed a motion to dismiss claiming necessary and indispensable parties, such as Marianas Property, were not included in the declaratory judgment case. As a result, Marianas Property was forced to seek intervention as a defensive measure to protect their interests in the subject property, in the event of a foreclosure action. Thus, Plaintiffs contend a defensive intervention does not amount to a voluntary waiver of the right to arbitrate. The Court agrees and finds Plaintiff's action to intervene in the FHB lawsuit was to protect their interest in the subject property, not an implied waiver of their right to arbitration.

The Estate contends these litigation efforts on the part of FHB have unfairly prejudiced the Defendants in the instant matter. The 7th Circuit Court reasoned the prejudice is one of the factors in the waiver analysis and that the Courts may look to the surrounding circumstances on which a claim of waiver is based. *St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co., Inc.*, 969 F.2d 585, 590 (7th Cir. 1992) "But where it is clear a party has forgone its right to arbitrate, a court may find waiver even if that decision did not prejudice the non-defaulting party." *Id.* This rational, however, does not apply to the facts in the instant case because it is not clear whether or not Plaintiffs have foregone their right to arbitrate.

To the contrary, the Court finds the Plaintiffs actions have been in favor of arbitration. It is the Defendants actions that have delayed arbitration through two attempts to appoint biased arbitrators. The alleged prejudice against the Estate has been self-inflicted. If the Estate had named an unbiased arbitrator and proceeded to arbitration, then Marianas Property would not have been forced to intervene in the FHB litigation. In addition, the Estate has already voluntarily litigated the FHB case during the arbitration process. On November 8, 2011, in the FHB lawsuit, Marianas Property filed a motion to consolidate and to dismiss for failure to add indispensable parties. Ex. 1 to Yanza Dec. The Court finds the Estate cannot seek for Marianas Property to intervene in the FHB litigation, and then claim Plaintiffs impliedly waived their right to arbitration. Accordingly, the Court denies Defendant's motion to dismiss.

**CONCLUSION**

Based on the foregoing, the court DENIES Defendant's motion to dismiss and finds Marianas Property did not impliedly waive their right to arbitrate.

SO ORDERED, this 12 day of april 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

APR 12 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam